06-7240 Reeves v. Department of Veterans Affairs Mr. Carpenter May it please the Court, Mr. Carpenter, appearing on behalf of Mr. Larry Reeves. This Court, Your Honor, involves a question of the interpretation of the Board of Veterans' Appeals jurisdiction. Mr. Reeves believes that the Board of Veterans' Appeals never had a jurisdiction to decide the claim involving an allegation of clear and unmistakable error. The Court below, we believe, improperly relied upon the doctrine of the law of the case. In doing so, the Court relied upon a joint motion for remand that was entered into by myself as then counsel for Mr. Reeves with the government below in a prior appeal in which the Board had not addressed the allegation of clear. And the joint remand terms indicated that the parties agreed that the Board had jurisdiction and that the Board should adjudicate. However, if the Court will look at page 19 of the joint appendix, the order that was issued by the Court in that matter is not an order of the Court. It is not signed by any judge. It is a clerk's order that does not make any findings of fact. It does not adopt the findings or conclusions made in the joint remand. It simply acknowledges that a joint remand had been filed. I don't know that I would put too much weight on the fact that the order was not signed by a judge. I mean, I understand your other arguments, but we have lots of orders that go out from our court which are signed by the clerk for the court. And those are court orders in every sense of the word. And violation of one of those court orders would produce, I think, a possibility. So I think that, to the extent that you're suggesting that this is not a judicial disposition, I'm not sure. Well, I'm not going quite that far, Your Honor. What I'm talking about is whether or not you can apply the law of the case doctrine. Was there a judicial determination made in that order other than the parties had agreed that the Board decision should be vacated and the Court simply affirmed that agreement? That then goes to the question of whether or not the parties are capable of creating jurisdiction when no jurisdiction exists as a matter of law. Well, Mr. Carver, wouldn't one conclude that the Court had taken the motion under consideration, especially since it was a jurisdictional issue, and had determined that, in fact, it should, because of the jurisdictional arguments, vacate the decision of the Board? In other words, I find it difficult to believe that an order like this would be issued if the Court, namely the Court of Veterans' Appeals, hadn't looked at the motion and decided that it correctly represented the law. Well, I frankly was startled to hear in an oral argument the former Chief Judge of the Court of Appeals for Veterans' Claims in an oral argument in a case called Breeden in which the Chief Judge of the Court specifically articulated that joint motions are not reviewed, that they are merely processed as a matter of course by the clerk based upon the agreement of the parties, and that the Court did not consider itself bound by those agreements but simply for the purpose of judicial efficiency were acknowledged. Even in the case of a motion relating to jurisdiction? Well, this was not really a motion related to jurisdiction, Your Honor. This was not a contested matter. This was a matter in which the parties mistakenly determined that there was jurisdiction. No, but related to jurisdiction in the sense that the Board had said it did not have jurisdiction and the parties came forward, and I read the motion, and said the Board is wrong, it did have jurisdiction. That's right. But let's even assume that there was a consideration by the Court. Under the rules, or excuse me, under the doctrine of the law of the case, an exception to that doctrine is that there was a mistake, and the Court cannot create jurisdiction. The Court of Appeals for Veterans Claims cannot create jurisdiction where no such jurisdiction exists as a matter of law. So even if we assume that the Court had read the motion and had considered it and adopted the findings and the legal conclusions that were offered up in the joint remand, that legal conclusion is wrong. And the Court below, in lieu of examining anew whether or not there was or was not jurisdiction created, simply relied upon, erroneously, the law of the case doctrine without recognizing that an independent examination had to have been done as to whether or not there was or was not jurisdiction. So you're saying there's nothing to prevent us from taking our own look at the jurisdictional question. Absolutely not, because A, it is a legal determination by the Veterans Court, and B, it is a question of law as to whether or not, in interpreting 7104 and 7105, the Board's jurisdiction could have been created in the manner in which it was created in this case, or excuse me, alleged to have been created. Well, you would not disagree, if I understand your position correctly, with the following proposition, would you? Assuming that the issue of jurisdiction in the BVA had been fully litigated, and there had been oral argument, briefing, and so forth, and the Court of Appeals for Veterans Claim had decided, in the first instance, that there was, after all, jurisdiction in the BVA, and therefore granted the joint motion. And this case came up, again, in the current posture. You wouldn't disagree that it would be permissible for the Court of Appeals for Veterans Claims in that setting to apply the law of the case, correct? Generally, but there is an exception. Right, but as a matter, I'm searching for the legal issue that's before us for purposes of our jurisdiction here. What is your legal position that you think, where is the legal interpretation of 7105, or 7104 rather, that's erroneous in this case? Because the court concluded that the board had jurisdiction. That is necessarily relying upon an interpretation of both those underlying statutes. The statute of the board, excuse me, the jurisdiction of the board, is a creature of statute. It only exists if the statutory prerequisites are met. You can't get a board decision unless you have a proper decision with a notice of disagreement, statement of case, and substantive appeal. Those sequential steps have to be met in order to create jurisdiction. When the court said that they affirmed the board's determination that it had jurisdiction, independent of the law of the case doctrine, the court misinterpreted 7104 and 7105. Because 7104 says that the secretary's decisions will be subject to one review. That review will be done by the Board of Veterans' Appeals. You then have to look to 7105 to see how that jurisdiction gets created. And there is a specific sequential requirement that begins with a proper decision. And the first mistake that was made in this case was when the Veterans Administration decided in response to a notice of disagreement raising a claim of clear and unmistakable error to attempt to decide that in a statement of the case. The board found the first time it looked at it that wasn't an adjudication and sent it back. The board refused to do what they were ordered to do on remand. So the board sent it back a third time. You mean the RO? When you said the board refused to do... I'm sorry, I mean the RO. I apologize. There's so many players here, I need to keep them straight. I apologize. I'm with you. The RO refused to follow, did not follow, the remand instructions from the first board decision in May of 2002, which is in the record at 65 to 67. And they specifically acknowledged that the representative had raised a claim of cue and that this issue had not been adjudicated. So that nullifies any action that was taken by the VA in November of 2001 in its statement of the case. Well, now, what is it about the RO's decision following the remand? Is it that that decision was on a document that was entitled Supplemental Statement of the Case? That's correct. That's the problem? I mean, if they had said... I mean, what they said, as I understand it, is they said they have this document that's entitled Supplemental Statement of the Case, but it says this shall serve as the decision. Correct. Now, what's wrong with that? There is a specific regulation, 38 CFR 3.103b1, which requires a different form for VA decisions in the first instance, which include, amongst other things, a description of the reasons, which are in the Supplemental Statement of the Case, but also a notice of appellate rights, which then triggers the sequential requirements for establishing jurisdiction by the board under 7105. You get that notice of appellate rights, you file a notice of disagreement, you get a statement of the case, and you file a substantive appeal. Unless all three of those things are in there, the board cannot undertake jurisdiction, which is what the board said the third time it went back. Although the board made a mistake there by saying that the Supplemental Statement of the Case could act as the decision, and that's contrary to a different VA regulation that says that there are certain impermissible uses for a Supplemental Statement of the Case. A Supplemental Statement of the Case cannot be used to articulate a decision that had not been properly the subject of a statement of the case. Well, there'd been no statement of the case because there'd been no decision. There'd been no statement of the case because there'd been no notice of disagreement. The fundamentals of 7105 simply were not complied with. And the board correctly identified that in three different board decisions. And I have to accept responsibility here because I made a mistake. Well, but I interpreted what you did and what your counsel for the agency did in the original remand proceedings as saying, in effect, look, sure, maybe there's a formal issue here as to what is on the particular pieces of paper, but the proper steps were taken even if there were formal errors in what was at the top of the piece of paper. Now, if that is so, then why isn't that a position that is in the nature of a factual determination that is ultimately the predicate for a finding of jurisdiction? In other words, if everybody agrees, for example, in a diversity case, that one of the parties lives in a different state from the other party, they can certainly agree to that. And that would not be, I think, something that they could go back later and say, well, that agreement is a nullity because I can show that it wasn't true and therefore there was no jurisdiction. Why isn't this the same kind of thing? Because you're talking about waiving express statutory requirements under 7105. And those statutory requirements cannot be waived by the parties. There has to be a notice of disagreement. There has to be a statement of the case. There has to be a substantive appeal. But can you waive your right to have the words notice of decision as opposed to supplemental statement of the case at the top of the piece of paper? I can't waive my client's rights to have his notice of appellate rights given to him. He never got his notice of appellate rights as required by VA regulation 3.103b1. That notice of appellate rights never happened following the VA's decision in its statement of the case. It is that notice of appellate rights that triggers the clock for the filing of a notice of disagreement. That notice of disagreement then imposes an obligation on the VA to file a statement of the case. And the appeal cannot be perfected and the board cannot exercise jurisdiction unless I file a substantive appeal. There is no substantive appeal in this case following the issuance of a statement of the case. That's what I don't understand, Mr. Convery. If I look at 90 of the joint, of your, I guess, of the appendix, I see a notice of disagreement and it refers to the Q claim. That's correct. But, excuse me, Your Honor, that's when the Q claim was presented. That notice of disagreement was with the effective date assigned. In that notice of disagreement, Mr. Reeves, through me, articulated a legal theory of entitlement to an effective date by raising the issue of clear and unmistakable error. That required them to make a decision. That is not a notice of disagreement for jurisdictional purposes. That is a notice of disagreement putting the VA on notice that they must adjudicate that claim of clear and unmistakable error, which is what the first three board decisions told the VA they had to do. But why didn't they do that in the following statement of the case? The statement of the case... articulates the VA's decision. The VA's decision, A, cannot be articulated in a statement of the case, and B, must be articulated... You're saying it can only be explained? It can only be explained. And, of course, it didn't have a notice of appellate rights because the VA had interpreted the case as already being in appeal status. But it wasn't in appeal status because the process had not commenced. The process starts with a written decision with a notice of appellate rights. Let's hear from the other side. Thank you very much. Thank you, Your Honors. May it please the Court. I'd be interested in your response to the same point that Judge Shaw just asked about. Well, exactly. My response is to agree with him that July 2001 July 2001 notice of disagreement specifically raises the Kew claim, and the November 2001 statement of the case talks about the Kew claim as well. That is what is set forth in the motion for remand. It is based on the appellant's July 2001 notice of disagreement raised the issue of the Kew and Navarro's November 2001 statement of the case also addressed that issue deciding against the appellant. Let me ask you this, Mr. Smith. I see here the first, well, it's not the first earliest document in the appendix, but again, going back to the what's it, 89, the July 18 2001 notice of disagreement is that the first time that Kew was mentioned? No. I think Kew was mentioned in 1971. That was mentioned in response to the But this notice of disagreement, what decision, where is the decision of the VA is it the one at 96? No. In other words, where is the decision that this is an NOD from? I'm saying it sort of awkwardly  I understand what you're saying. Well, 86 too in the November 2001 statement of the case at page 86 down at the bottom it says finally in regard to the third argument, and it goes on to talk about clear and unmistakable error Judge Bryson just said 94. Yes. Okay. So the NOD that appears starting at 89 is comes from the rating decision at 94. A94 is specifically denominated rating decision and it's 727-2000. Then we have the notice of disagreement. And then we have a statement of the case. So, so far, everything's fine except that the board ultimately decides that none of this was ever before the Kew claim was not before the RO, right? So they send it back for adjudication of the Kew claim. Whether they're right or wrong. Okay. But that's what they did, right? Yes. That was an interim decision. That is what happened next. Okay. Then I take it we effectively kind of start over and here's where we start to run into the potential problem. So far there's nothing other than the absence of specific adjudication at the RO level of the Kew claim that's a problem. But then I take it that when it goes back instead of having a rating decision we have something which is denominated, and this is 715-2002 a supplemental statement of the case. Now I suppose that should have said rating decision, right? Yes. That is the both formal procedural error Now how about the absence of the notice of appellate rights which would have been presumably in it if it had been called rating decision? Well, again, we can't argue that there was a notice of appellate rights if it wasn't in fact there and that is in fact part of the procedural again, whatever you want to call it, the omission. None of that though gets to what this case is about because the sequence of events that's talked about in the motion for remand stopped in November 2001 where we're talking about what the veteran got and the conclusion reached from it it was the appellant's July 2001 notice of disagreement raised the issue of Kew. We just looked at that a few seconds ago. It says, and the Vero's November 2001 statement of the case also addressed that issue deciding against the appellant Again, we just saw that. That's 86. As the appellant's substantive appeal also included argument with regard to Kew, it appears that the board has had jurisdiction over this issue since its original review of this matter in May 2002. That is what the parties agreed to in the motion for remand. So for you and me to go further no offense, but we're not looking at what is now being alleged to be the quote mistake in what I just read to you. There is no mistake in what I just read to you. Now all of this by the way, is we are looking at the facts. The facts that were depicted in this motion for remand, and we're deciding whether they're right or not. I understand and I understand you have this overarching jurisdictional objection to our jurisdiction, but I'm just trying to figure out what's going on here, and then perhaps to work our way up from there to the broader legal questions. I'm still struggling with one point. In other words what we've got here is what the RO treats as a rating decision, in fact I think they explicitly say this will be deemed the rating decision. Have I got the right terminology, the rating decision? Maybe you meant the original decision. They then there is then a notice of disagreement with that, which appears at 47, the appendix, right? And that's dated October 2002? Yes, I think so, frankly we have already left, and based on the arguments that I've just been making again, I don't mean to be cavalier here, but the veterans court stopped. They looked at what was in the motion for remand, and again they didn't even actually they didn't do the microscopic review that frankly you and I are doing right now, and they certainly didn't, again, go beyond the point in time, so again, forgive me, either did I. But yes, you are right as you continue the sequence of events that you've been talking about. Alright, so the problem if there's a problem here, it is that the supplemental statement of the case that dealt with the Q issue by the R.O. should have been called a rating decision is that the right term? I'm mixing it up, but a decision by the R.O. and should have had an appellate rights statement everything else was according to Hoyle. Is that your understanding? Yes. Now if I can, as to the jurisdictional question Your jurisdiction? Our jurisdiction. Our jurisdiction. Mr. Carpenter argues that what the Court of Appeals for Veterans Claim has held  7105 allow it to find jurisdiction in a setting, in a factual setting in which by law, under the proper construction of those statutes they may not. The question is why isn't that an interpretation of the statute? We encounter this issue in every case because what's the difference between an application of a law to fact versus a legal question, but if you define the legal question that narrowly why isn't that an interpretation of statute? Well first of all, that's not what the Court of Veterans Appeals did. They did not say exactly what you just said. That is we are allowed to deviate from the very detailed description of what the SOC is supposed to contain according to 7105 we are allowed to deviate that for this reason, and this is our interpretation of it. Veterans Court did not even do that. What they did do was they quoted this court in saying that the Federal statement of the case is statutorily adequate if it puts the appellant on notice that a particular claim is at issue. That suggests that this court has interpreted, has done exactly what you just said, that is has interpreted the requirements of 7104, 7105 loosely if I can use those terms, that is to simply say that the question is whether the appellant was put on notice that a particular claim is at issue. That's what makes it statutorily adequate. So that's what the Veterans Court did. They did not make the decision that okay we have a statute that requires this and here's what happened and that's okay. But if his argument is well that's wrong, you know, the Court of Appeals for Veterans Claims got wrong and to the extent that they were following us, we were wrong. Isn't that a legal argument that constitutes an interpretation of statute even though you may say well it's already been interpreted, it's already been disposed of it's not a new argument it's not a winning argument it's nonetheless an interpretation of statute isn't it? Again well you won't be surprised to hear me say no it is an application of facts to that statute or to the law as defined by this court relating to that statute, that is and the facts, again I understand that it's a fuzzy line in between what is a quote interpretation of statute and the application of facts to it, but in this case we are talking about whether an appellant is adequately on notice so you have to look at facts to figure that out, what the notice was given and what the appellant did with it, again we now go back to the motion for remand if you want to go there because that's a handy place to look or you can actually go to the documents themselves to figure out whether Mr. Reeves was adequately on notice of the issues. But if you take the legal position that the factual matter of whether he was actually, the documents have to comply strictly with the requirements then you don't inquire into the facts that you just referred to, right? I think you are correct that that is a question, I'm pretty sure that's not even remotely the argument that's been made by Mr. Reeves in this case, that is essentially saying that the holding in Herndon is wrong that is that this court is wrong, remember a few minutes ago you just said maybe we were wrong in Herndon and maybe that's a legal issue isn't that an interpretation of statute? I would agree with that, I don't think that's the issue that has been raised in this case i.e. that 7104 and 7105 are absolutely black letter strict must be interpreted or must be applied and if you have the slightest procedural deviation from them that's it, no jurisdiction and it has to be gone or the case has to be remanded and done again according to the procedure the exact procedure. If that was the argument here, I guess we would be talking about Herndon and why this court said what it said in Herndon and things like that Because that is in general the agency position, is it not? We see it case after case that it must be complied with This particular, I don't think so I hope not. Well the letter, I'll call it the minutia because I must say it does seem to me that the rigor with which compliance is forced upon veterans in a statute that is not a masterpiece of simplicity. There's no question, your honor, and I will agree with you that the government as a whole and not even just the Department of Veterans Affairs often looks at the letter of the statutes and urges that they be interpreted very strictly That's true That is not the law in this case, again, this court has already decided that There are other, there are plenty of other examples where courts have decided that to use the word substantial compliance or other type things are adequate and that a strict interpretation of the statute is not in fact required. I think Herndon is an example of that. And again I don't think I don't think this is a case of we have an irony here because I'm arguing against something that I usually argue and Mr. Cochran is arguing against something that he usually argues I don't think that's the issue in this case It isn't whether the strict letter of the statute should have been applied and wasn't and that's it, the end because then we wouldn't even be talking about the motion for remand or the law of the case doctrine, which that is what the veterans court applied in this case. And again frankly that's why all of this even comes up is the question of whether there's manifest injustice in applying the law of the case doctrine and to get to that point, again the question of whether something is manifestly unjust or not is very application of facts the law or frankly even a factual finding itself, but the facts that we looked at in the motion for remand, that is the notice of the notice of disagreement that was filed in July 2001 the statement of the case that was filed in July 2001 again the issue is here whether Mr. Riggs was adequately on notice that the Q claim was an issue and we have now in my 15 minutes here just looked at documents generated both by him and by the VA that talked about Q so I don't think it was a stretch for the veterans court here to say it was not manifestly unjust to rely upon the parties themselves including Mr. Riggs saying I did have notice, I knew what the issue was, the Q issue that he himself raised so to the extent that we even go down the road of looking and because it is framed by Mr. Riggs in his argument that the court quote misapplied the law of the case doctrine because it was manifestly unjust for X, Y, and Z reasons that is our response it is hardly manifestly unjust for the court to have essentially agreed with something that Mr. Riggs said before so that's to the extent that I get dragged down that road that is my position on it, I see I have about 30 seconds left if you all have any more pressing questions than whatever I could sum up with I'd be happy to answer it otherwise I'll sit down no I think we have it, thank you Mr. Riggs Mr. Shulman if I could begin with a clarification about the question of what was decided in July of 2000 which is in the joint appendix of 94 what was decided in that case was the reopen claim there was no Q decision made by the VA in July of 2000 the notice of disagreement which followed raised the question of whether there was a legal entitlement to an effective date earlier than the date of reopening based upon an allegation of Q are you saying Mr. Carman that Q had never been presented until the notice of disagreement that's correct it had never been presented, it had never been raised I don't know what the government was referring to in 1971 1971 was the decision which is the subject of the request for revision but there had been no, to my knowledge and certainly not by me during the course of my representation of Mr. Riggs was the question of clear and unmistakable error presented until after we had won the reopen claim and then were seeking an earlier effective date I'd like to go to the court's jurisdiction here this court's jurisdiction is also implicated under this court's decision in Linville Mr. Riggs presented the sole question of the board's jurisdiction in fact the court found that that was the only question that was presented below the court adversely decided that question without addressing it the last line of the court's decision which is in the joint appendix I believe at page 3 says accordingly the court concludes the joint motion represents the law of the case and bars the appellant from asserting that he was denied an adequate statement of case in this case he wasn't arguing that but more importantly even if you concede that the SSOC could be a decision we filed a notice of disagreement with that you acknowledged that what 7105 then requires is not excuse me is a statement of the case there was no statement of the case issued as required by 7105 D1 what about the document that appears on appendix 40 which appears to have been in February of 03 again it's entitled supplemental statement of the case if I strike out the word supplemental does that serve as the statement of the case from the 1024-02 notice of disagreement no because that was the document that they said was their decision there are two different documents one is at 62 and the other is at 40 they look a lot alike they're the same document your honor a little different because they've got a different reference in the adjudicative actions there's added matter bringing you up today so they're two different documents they may have much the same context so why isn't the second document the statement of the case because A a statement of case is a statutory creation a supplemental statement of the case is a creation of regulation and under the VA's own regulation it prohibits the supplemental statement of the case from performing certain functions and there were two mistakes made here you can't use a supplemental statement of the case to be a statement of the case nor can you do as they did here use a statement of the case to articulate a decision that was not previously the subject of a statement of the case so it's the chicken and the egg where there's only the egg if someone before sending this out had whited out the word supplemental would there be a continuing problem I'm trying to pin down is there anything more than the use of the term supplemental because what 7105 requires is that in response to a statement of the case I must file a substantive appeal there is no substantive appeal here if there's no substantive appeal the board can't have jurisdiction and that is why we ended up in the first board proceeding and ultimately the remand motion because I misread the procedural history and thought that created jurisdiction with the former SOC and the former V-9 thank you very much thank you Mr. Coffin the case is taken into submission all rise